PHEBE VANDERVEER *v.* PETER J. STRYKER and HENRY VAN-
DERVEER.

A judgment was recorded in the Circuit Court of the United States for the district of
New Jersey, on the 13th of August. 1836, against S. and V., for $30,000, on which a
*fi. fa. de bon. et ter.* was issued to the Marshal, and levied on personal and real prop-
erty of S. On the 1st of April, 1838, the judgment was revived by *sci. fa.*, and on
the 1st of April, 1840, a *fi. fa.* was issued, and levied on goods and lands of S. and V.
Under this last *fi. fa.* the Marshal sold a house and lot of S., for $200. In June,
1841, the judgment and execution were assigned to the complainant. In June, 1847,
the complainant filed a bill, stating that S. and V. had equitable interests which he
was unable to discover and reach by execution at law, specifying some equitable
interests of S., and containing the usual allegations of a creditor's bill; and pray-
ing a discovery, and payment of the residue of the judgment out of what should
be discovered, and an injunction and receiver.

*Held:* That a creditor by judgment in said Circuit Court, or an assignee of such cred-
itor could exhibit such a bill.

That so far as the bill seeks to subject an equitable interest of the defendants in real
estate to the payment of the judgment the previous issuing of an execution was not
necessary.

On demurrer to the whole bill, if the bill be good in part the demurrer will be over-
ruled.

On the 23d of June, 1847, Phebe Vanderveer filed her bill,
stating, that, on or about August 13th, 1836, Goold Hoyt, Rus-
sel H. Nevins and Elisha Townsend, surviving obligees of Ste-
phen Hoyt, obtained a judgment in the Circuit Court of the
United States for the district of New Jersey, against Peter I.
Stryker and Henry Vanderveer, for $30,000 of debt and $27.82
costs. That on the 14th of August, 1836, a *fi. fa. de bonis et
terris* was issued against Stryker and Vanderveer on the said
judgment, directed to the Marshall of the said district, returna-
ble to the 5th of October, 1836; which writ was delivered to the
said Marshal on the 15th of August, 1836.

That, by virtue of the said writ, the said Marshal, on the 24th
of September, 1836, levied on the following property of the said
Peter I. Stryker, to wit: one pair of horses, one wagon, a gig,
one sulky, three cows, one yoke of oxen, one cart, two tables,
two beds, one dozen chairs, two carpets, one mantel clock, and a
lot of furniture. Also on the following real estate of the said

defendant Peter I. Stryker: one house and lot about 50 feet front by 200 in depth, now in possession of Mrs. Vroom, situate on the main street in Somerville; a house and lot, supposed to be 40 feet by 200 feet, on Main street in Somerville, now in possession of C. Williamson; a house and lot in Somerville, about 35 feet by 200, in possession of I. Horton; a lot of land, 60 by 200 or thereabouts, on the main street in Somerville, on which the said defendant is erecting a brick house; subject to prior legal claims and incumbrances; value one dollar.

That on or about April 1st, 1848, the said Hoyt, Nevins & Townsend caused the said judgment to be revived by *scire facias;* and, on or about April 1st, 1840, caused a *fi. fa. de bonis et terris* to be issued and delivered to the said Marshal, against the goods and chattels, lands and tenements of the said Peter I. Stryker and Henry Vanderveer within his district, for the said debts and costs, and also for the further sum of $29.61, the costs of the proceedings on the *scire facias;* which last *fieri facias* was returnable the first Tuesday of October, 1840. And the said Marshal, on that day, made return that by virtue of said writ he had taken and levied on goods and chattels, lands and tenements of the said Stryker and Vanderveer, of the value of $5, which remained unsold. Therefore the said Marshal was commanded, that he expose for sale the goods and chattels, lands and tenements of the said Stryker and Vanderveer by him taken and levied upon, and have the moneys &c., on the first Tuesday of April then next, to render &c.; and if not sufficient &c., then to make the residue from the lands and tenements whereof said Stryker and Vanderveer were seized on the 1st of April, 1838, or at any time after.

That, by virtue of the said last mentioned *fi. fa.*, the said Marshal advertised and sold a certain house and lot of land of the said Peter I. Stryker in the village of Somerville, for $200; and that the balance of the said judgment, after deducting therefrom the said $200, is still due and unsatisfied.

That, on or about June 15th, 1841, the said Hoyt, Nevins & Townsend, for a valuable consideration to them paid by the complainant, assigned to the complainant the said judgment and ex-

ecution against the said Stryker and Vanderveer.   That the said judgment still remains in full force and effect.

That the complainant has reason to believe, and does believe, that the said Peter I. Stryker and Henry Vanderveer have equitable interests, things in action or other property, of the value of $100 and more, exclusive of all prior just claims thereon, which the complainant has been unable to discover and reach by execution on the said judgment.

That she has been informed and believes, that the said Peter I. Stryker owned a number of shares of stock in the Washington Mining Company, and also in the Bridgewater Mining Co. or Bridgewater Mines, or has some interest or equitable right in said Companies or mines, or in one of them.

That she has been informed and believes, that the said Peter I. Stryker has some equitable interest in fifteen acres of land, situate in the township of Bridgewater, county of Somerset, and adjoining lands belonging to the Bridgewater and Washington Mining Companies' land, John Herder's land and the lands of John Polhemus and Cornelius Vanderveer, or adjoining the lands of some of them.

That she is informed and believes, that the said Peter I. Stryker holds a bond and mortgage against one James W. Southard, for $4,000 or some other large sum, dated on or about May 14th, 1832, which is due and unpaid, and which the said Peter I. Stryker is entitled to receive from the said Southard.

That she is informed and believes, that the said Peter I Stryker is the holder and owner of a prommissory note for $666.66, made by one John F. Brown, payable to said Peter I. Stryker, which is due and unpaid.

That she is informed and believes, that William C. Morris, Esq., of Belvidere, son-in-law of said Peter I. Stryker, holds in his hands the title to certain real estate in which the said Peter I. Stryker has some equitable interest, or other interest unknown to your orator.   And that one John B. Camman, for the consideration of $6,500, conveyed to the said William C. Morris about 35 acres of land situate in said township of Bridgewater, the consideration of which was paid, in whole or in part, by the said Peter I. Stryker, and which said tract actually belongs

to the said Peter I. Stryker, or in which he has some equitable interest.

That she is informed and believes, that the said Peter I. Stryker entered into some contract or agreement with one Cornelius Waldron, of Middlesex, to purchase of him a certain tract of land; and that said Stryker paid to said Waldron $1000, or some other large sum, for or on account of the said purchase; and that said Cornelius Waldron still holds the title to said land in trust for the said Peter I. Stryker, or in some other way, and that the said Peter I. Stryker, since the said purchase and payment as aforesaid, has commenced building a house on said land.

That she is informed and believes, that said Peter I. Stryker is the owner of a number of shares of stock in the Newark Banking and Insurance Company, or in the Trenton Banking Company, or some other Banking Company.

The complainant states, that said Stryker has some claim or demand, equitable or otherwise, against one Augustus F. Carman, and that said A. F. Carman is indebted to said Stryker in some large sum of money. And that said Stryker owns or has some equitable or other interest in some furniture or personal property in the possession of the said Augustus F. Carman.

That, as the complainant is informed and believes to be true, the said Peter I. Stryker has a considerable amount of money deposited in or due from certain banks whose names are unknown to the complainant; and, also, that the said Stryker has a considerable amount of legal or equitable debts, claims or demands due to him, said Stryker, from different persons whose names are unknown to the complainant, consisting of books of account, due bills, drafts, checks, prommissory notes, bonds, mortgages, judgments or other securities or things in action, or that said Stryker has money or other personal property, either in possession or held in trust for him, the situation, value and particulars of which are unknown to the complainant. And that the complainplainant is fearful that said Stryker will make way with or place the same beyond the control of this Court or of a court of law.

That the bill of complainant is not exhibited by collusion with said Stryker, or for the purpose of protecting his property or any part thereof against the claims of any other creditors; but for

the sole purpose of compelling payment of the money due upon the aforesaid judgment.

That the complainant has reason to believe, and therefore charges, that said Stryker, at the time of the rendition of the said judgment, possessed, owned or had, or now possesses, owns or has some interest in some real estate, or chattels real, or in some personal property, in possession, reversion or remainder, or that he has some interest in some lease or leases, mortgage or mortgages, lien or liens on land, or leasehold estate of some name or kind ; or that said Stryker is possessed of or entitled to some stock, public or private, in some bank or government fund, insurance company, mining company, or some other company or companies, chartered or unchartered ; or that he is partner or otherwise interested with some other person or persons in some business or partnership ; or is interested in some property or thing or things in possession or action, of some kind, in the stock of some bank or company in the city of Newark or some other place, but of what place in particular the complainant is ignorant, and prays a full disclosure and discovery in the premises from the said Peter I. Stryker of all the particulars thereof.

That the complainant believes and charges, that the said Peter I. Stryker had or owned, or now has or owns, some debt or debts due or owing to him from some person or persons in the United States or elsewhere, or that he is interested in some demand or demands, claim or claims of some name or kind, on one or more person or persons, company or companies, government or governments, or that he is interested in some bills of exchange, prommissory note or notes, check or checks, certificate or certificates of stock or contract for the sale or purchase of stock, bond or bonds of some name or kind, or has some money or bank notes, or bills or notes of some kind or other which are intended to pass as money, but of which, in particular, the complainant is ignorant ; and prays from said Peter I. Stryker a full disclosure and discovery in the premises of all the particulars thereof ; or that there is or are one or more person or persons, unknown to the complainant, who hold some real or personal estate or property, or interest therein or something in action, in trust for the said Peter I. Stryker or for his benefit, or from some other per-

son, by devise, grant, assignment, or in some other manner, of the particulars of which the complainant is ignorant; and prays from the said Peter I. Stryker a full disclosure and discovery in the premises.

The bill prays a discovery of all the estate of every description, goods, chattels, money, stock, &c., &c., of the said defendants Peter I. Stryker and Henry Vanderveer, as well at the time of the rendition of the said judgment as until and at the filing of their answer, whether standing in their names, or that of either of them, or in the name of any other person or persons for or in trust for them or either of them, either express or implied; and what disposition has been made of each of the same, and when, fully and particularly, and the amount and value of each of them, and the names and places of residence of the debtors, respectively, and the evidence of their indebtedness, and how much is due on each of the said demands, and which of them are good and collectable, and which are doubtful, and which are bad, and who has the custody or control of the said moneys, goods and chattels, book accounts, due bills, prommissory notes, bonds, mortgages, judgments, and other choses in action. And particularly whether the said Peter I. Stryker does not own, &c., &c., (as stated in the bill).

And that a receiver of the money, property and things in action of the said Peter I. Stryker may be appointed; and that said Peter I. Stryker may be directed to assign, transfer and deliver to the receiver, upon oath, under the direction of a Master, all property, equitable interests, things in action, money and effects belonging to the said Peter I. Stryker, and all books and papers relating thereto, and evidences thereof, so that the complainant may have satisfaction of the sum due to her on the said judgment. And that the said Peter I. Stryker may be injoined from collecting, receiving, selling, transferring, assigning, delivering or in any way using, controlling or interfering with, or disposing of, any debts or demands due to the said Peter I. Stryker, or any goods, wares, merchandise, account books, bills, drafts, checks, money, stocks, prommissory notes, bonds, mortgages, judgments, or other securities, things in action, property or effects, belonging to the said Peter I. Stryker, whether in his own

name or hand, or in the name or hands of or held by any person or persons for his use or benefit, or in trust for him, express or implied, until the further order of this Court. And that the said Peter I. Stryker may be injoined from confessing any judgment for the purpose of giving any other creditor a preference over the complainant, and from doing any other act to enable other creditors to obtain the property of the said Peter I. Stryker which the complainant is unable to reach by execution; and for further relief.

On the reading and filing of this bill an injunction was ordered, restraining Peter I. Stryker from selling, assigning or disposing of any debts due him, or any account books, bills, &c., &c., or other securities or things in action belonging to him, whether in his own name or hands or in the name or hands of or held by any other person or persons for his use or benefit, or in trust for him express or implied; and from confessing any judgment for the purpose of giving any other creditor a preference over the complainant, and from doing any other act to enable other creditors to obtain the property of said Stryker which the complainant is unable to reach by execution, until the further order of the Court.

On the 21st of September, 1847, Peter I. Stryker put in a demurrer to the bill; showing for causes of demurrer, that it appears by the bill, that it is exhibited by the complainant against this defendant and Henry Vanderveer, under the act entitled " A supplement to an act respecting the Court of Chancery," to compel a discovery of property to satisfy a certain judgment in the said bill specified, being a judgment obtained by Goold Hoyt, Russell H. Nevins and Elihu Townsend, against this defendant and said Henry Vanderveer, in the third Circuit of the United States for the district of New Jersey; and the complainant has no legal or equitable right to come into this Court under the said act, to compel a discovery and satisfaction of the said judgment. That the judgments referred to in the said act are judgments in the State Courts, and not judgments in the Federal Courts or any of them.

That it appears by the bill, that Goold Hoyt, Russell H. Nevins and Elihu Townsend were the plaintiffs in the said judgment and execution, satisfaction whereof is sought to be compelled by said bill, and that said complainant was not the plaintiff in said judgment or execution; and this defendant submits, that the complainant has no legal or equitable right to the discovery or relief prayed for in said bill.

That it appears by the bill, that the personal and real estate of said Henry Vanderveer, the co-defendant in said judgand execution, was levied on by the Marshal; and it is not alleged in said bill, nor does it appear, that such real or personal estate has been sold or in any way applied to the satisfaction of said judgment and execution; nor does it appear, or is it alleged, that the legal remedy of the plaintiffs in said judgment or execution, or of the said complainant has been exhausted.

He also demurs to so much of the said bill as seeks a discovcovery of this defendant of any lands or real estate of this defendant for the purpose of satisfying the said judgment and execution.

And the general cause of demurrer, that the bill shows no sufficient matter of equity to entitle the complainant to the relief sought by her bill against this defendant.

*F. T. Frelinghuysen* and *P. D. Vroom* in support of the demurrer. They cited *Wagram's Law of Discovery*, 5 ; 3 *John. Ch.* 47 ; 2 *Paige*, 599 ; 2 *Mason*, 472 ; 1 *Edw. Ch.* 509 ; *Saxt. Ch.* 307 ; 4 *Paige*, 315.

*W. Halsted* contra. He cited 17 *Conn. Rep.* 283 ; 5 *Cowen*, 580 ; *Cooper's Pl.* 148, 9 ; 3 *Atk.* 200, 352 ; 4 *John. Ch.* 671 ; 5 *Gill & John.* 19 ; 10 *Yerger*, 310 ; 10 *Paige*, 601 ; 1 *Ib.* 637 ; 20 *John. Rep.* 554 ; 2 *Story's Eq.* sec. 2116 b ; 1 *Barb. Ch.* 589.

THE CHANCELLOR. On the 13th of August 1836, Hoyt, Nevins & Townsend recovered a judgment in the Circuit Court of the United States for the district of New Jersey, against Peter I. Stryker and Henry Vandeveer, for $30,000 debt and $27.82

costs, on which a *fi. fa. de bonis et terris* was issued to the Marshal of the district, returnable the 5th of October, 1836, by virtue of which the Marshal, on the 24th of September, 1836, levied on certain personal and real property of the said Peter I. Stryker, (particularly mentioned in the levy,) subject to prior legal claims and incumbrances ; value $1.

On the 1st of April, 1838, the said judgment was removed by *sci. fa.* and on the 1st of April, 1840, a *fi. fa.* was issued to the Marshal, against the goods and chattels, lands and tenements of said Stryker and Vanderveer, returnable the first Tuesday of October 1840 ; and the Marshal, on that day, made return that he had levied on goods and chattels, lands and tenements of said Stryker and Vanderveer, of the value of $5, which remained unsold.

By virtue of the last mentioned *fi. fa.* the Marshal sold a certain house and lot of Stryker for $200 ; and the balance of said judgment remains unpaid.

On the 15th of June, 1841, Hoyt, Nevius & Townsend assigned the said judgment and execution to Phebe Vanderveer.

On the 23d of June, 1847, Phebe Vanderveer filed her bill in the Court of Chancery of New Jersey, stating, that Stryker and Vanderveer have equitable interests which she has been unable to discover and reach by execution on the said judgment; alleging that Stryker owns stock in difficult companies, naming them ; that he has an equitable interest in fifteen acres of land, describing it; that he holds a bond and mortgage, describing it; that he holds a prommissory note, describing it; that his son-in-law, naming him, hold the title to certain real estate in which Stryker has some equitable or other interest,   That one John B. Carman, for the consideration of $6,500, conveyed to the said son-in-law of Stryker about thirty-five acres of land in Bridgewater, Somerset, the consideration of which was paid, in whole or in part, by Stryker, and which belongs to Stryker, or in which he has some equitable interest.   That Stryker entered into an agreement with one Cornelius Waldron to purchase of him a certain tract of land, and paid to Waldron $1,000 or some other large sum on said purchase, and that said Waldron still holds the title to said land in trust for said Stryker or in some other way, and

that Stryker, since the said purchase and payment, has commenced building a house on said land. That Stryker has some claim or demand, equitable or otherwise, against one Augustus F. Carman; and that said Carman is indebted to Stryker in some large sum of money, and that Stryker owns or has some interest in some furniture or personal property in the possession of said Carman.

The residue of the bill is in the usual form of a creditor's bill; and the bill prays a discovery, and payment of the judgment out of what shall be discovered; and an injunction and receiver.

A demurrer was filed to the bill. The grounds of demurrer are,

1st, That it appears by the bill that it is exhibited under the act of the Legislature of New Jersey, entitled " A supplement to an act respecting the Court of Chancery," to compel a discovery of property to satisfy a judgment obtained in the Circuit Court of the United States for the district of New Jersey, and that the complainant has no right to come into this Court under the said act to compel a discovery and satisfaction of the said judgment; that the judgments referred to in the said act are judgments in the State Courts, and not judgments in the Federal Courts or any of them.

This ground of demurrer involves two propositions : 1st, That the bill is filed entirely and exclusively under the said supplement; and, 2d, That no bill can be filed under the said supplement to compel a discovery of property and satisfaction of a judgment obtained in the Circuit Court of the United States for the district of New Jersey.

Is this bill founded exclusively on the said supplement? Does it not furnish ground for relief in this Court independent of that supplement, on principles settled prior to the passage of the supplement? If it does; if it furnishes ground on which this Court could give any measure or kind of relief independent of the supplement to a creditor who had obtained a judgment in one of the Courts of this State, the only question would be, whether this Court would not furnish the same relief to a creditor who had obtained a judgment in the District Court of the United States for the district of New Jersey. If without, and prior to the sup-

plement, this Court could furnish any relief to the complainant on the case made by this bill, or any part of it, if his judgment had been obtained in a Court of this State, is the fact that the judgment was obtained in the Circuit Court of the United States for the district of New Jersey any reason for denying the same relief? I think not. A judgment in the District Court of the United States for New Jersey is as satisfactory evidence of the existence of a debt as the judgment of our Supreme Court; and an execution issued from the District Court has the same power and territorial extent as an execution from our Supreme Court; and if an execution from that Court fails to yield to the plaintiff his judgment debt, it is as entire a failure as if his execution had issued from our Supreme Court. The ground of relief in this Court is, that the complainant has obtained an execution at law upon which any property in this State, tangible or that can be reached by execution at law, might be reached and made available; that the defendant has no property which can be reached by execution at law, but that he has property which a Court of equity will subject to the payment of the judgment and execution. The first ground of demurrer is not well taken.

So far as this bill seeks to subject an equitable interest of the defendants or either of them, in real estate to the satisfaction of the judgment, the previous issuing of an execution was not necessary.

To this extent the jurisdiction of the Court of Chancery has long been well established. No statute was necessary to give this jurisdiction; and I do not understand our Supplement (of March 20th, 1845,) to the Act respecting the Court of Chancery as affecting this jurisdiction. It would be a reproach to our system of equity jurisprudence to suppose that real estate, the title of which a debtor might procure to have vested in another person for his use, could not be reached in Chancery by a creditor.

I think, also, that the jurisdiction of this Court was well established before the Supplement to a further extent; that is to say, to the extent of reaching tangible personal property that might be seized on execution which was held by another for the use and benefit of the debtor. All such holding of any kind of property of a nature to be seized on execution, real or personal,

13

by one man for the use of another, so soon as it operates to defeat or obstruct a creditor from reaching it at law, becomes a fraud upon the creditor; and I am not aware that any equity Judge has ever assented to the idea that a debtor could place property, real or personal, which, if the title or possession was in him, would be subject to be seized on execution, in the name or possession of another for his use, and thus avoid the payment of his debts while he is enjoying the property; or has ever refused the aid of a Court of Chancery to enable the creditor to reach such property. But in reference to personal property of the kind stated the Court of Chancery would not interfere until after an execution at law had been issued upon the judgment.

For the purposes of the present case it is not necessary for the Court to affirm the last stated proposition. It is sufficient to say that the bill in this case, so far as it seeks to subject to the payment of the judgment the lands mentioned in the bill, and in which the complainant is therein stated to have an equitable interest, is good independent of the supplement, and not demurrable; and that the issuing of an execution was not necessary to give the Court jurisdiction to this extent. And, in reference to this part of the case, a judgment in the Circuit Court of the United States for the district of New Jersey is as good a foundation on which to ask the aid of this Court as a judgment in the Supreme Court of New Jersey. And an *assignee* of the judgment may come here to ask this measure of relief.

This disposes of the fourth ground of demurrer; which is to so much of the bill as seeks a discovery of any lands or real estate of the defendant for the purpose of satisfying the judgment. This ground of demurrer is not well taken.

All the other grounds of demurrer are to the whole bill. And, on the ground that where the demurrer is to the whole bill, and the bill is good in part, and therefore the demurrer bad in part, the demurrer must be overruled, the demurrer in this case must be overruled.

But the Court might give leave to the defendant to demur to so much of the bill as is or may be held to be founded on the said supplement. And I am, therefore, willing to apprise counsel of my present impression as to so much of the bill as seeks

the discovery of such property or things in action as fall within the language of the supplement.

I do not understand that, before the enactment of this supplement, a bill was ever entertained in this Court in behalf an execution creditor, to compel the debtor to discover his bonds and notes and debts due him, and other things in action, and the money in his pocket, for the purpose of obtaining a decree of satisfaction out of any such property. And the fact that our Legislature have recently enacted a law authorizing such a bill is a sufficient admonition to the Court not to enter at this day upon the exercise of such a jurisdiction on general principles of equity independent of the supplement.

In reference to this part of the case, my impression is, that this bill must be taken to be a bill founded on the supplement, and that the complainant has not pursued her remedy at law in the manner and to the extent required by the supplement. The execution is not returned unsatisfied. Property has been levied upon which has not been sold. No part of the property of one of the defendants, levied upon, has been sold; and no reason is stated in the bill why the property of that defendant has not been or should not be sold. It does not appear that this defendant was a surety for Stryker.

Demurrer overruled.